# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-4216
Re: May traveling expense of
official or employee of
John Tarleton College be
approved when such expense
is incurred in traveling
to speak at educational
meeting, graduating exer-
cises, etc.

We have your letter of request for an opinion of
this department upon the approval of certain traveling ex-
pense of officials and employees of John Tarleton Agricul-
tural College. (Your request attaches the letter of Mr.
A. M. McMahan, Business Manager and Comptroller of the John
Tarleton Agricultural College) asking your opinion upon this
subject. The letter of Mr. McMahan reads as follows:

"In your opinion, can you legally approve
traveling expenses of an official or employee of
this school for travel to speak at educational
meetings, graduating exercises, etc. within the
State.

"Also, please advise me if, in your opinion,
you could legally approve traveling expenses for
an official or employee of this institution who
renders musical entertainments at club meetings,
school closings, and the like. All such trips
would be within the State."

This department has rendered many opinions upon the
subject of travel expense approval. However, in each instance

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the answer to the question propounded is limited to the particular fact situation. In many instances we have been required to answer the inquiry by stating that the fact situations were not sufficiently detailed in the letter of request for this department to determine whether the trip made or to be made is upon State business.

The request of Mr. McMahan gives no facts other than asking if the Comptroller's Office may legally approve the expense of an official or employee of that particular school for travel to speak at educational meetings, graduating exercises, persons rendering musical entertainments at club meetings, school closings, etc. This brief recitation does not indicate to us that the attendance upon those occasions and the entertainment furnished for such occasions could in any way be considered State business. We know of no duty upon the State of Texas or its educational institutions to furnish a speaker or entertainment for club meetings, graduation exercises or similar occasions.

The general provisions of the appropriation bill for educational institutions furnish our guide for the expenditure of the moneys therein appropriated. Subsection (6) titled Traveling Expenses makes provision for the payment, the limitation of the expenditure and the method of handling the reimbursement for such expenditure. The last sentence of this subsection reads:

". . . the expenses of regents or directors shall be approved by the Comptroller of the State and the presiding officer of the governing board, and the expenses of all other employees shall be approved by the Comptroller of the State, presiding officer of the governing board, president and auditor of the college or institution, showing consent of the governing board and evidence that expenses were incurred on State business, before payment from either State or local fund."

We are advised by the Comptroller's office that the forms used by the educational institutions for reimbursement for expenses legally expended upon State business are substantially the same as the forms used by other State Departments. Subsection (6) as quoted above reflects that

the expenditure must have been incurred while on State business.
The forms prescribed provide a space for the explanation of
the purpose or object of the travel.  In each instance that
explanation is to disclose what business was transacted and
whether the expense was incurred on State business.  Unless
the expenditure was to discharge State business there is no
appropriation or provision made for repayment.

Perhaps, Mr. McMahan has not mentioned all of the
various trips and traveling expense that bring about his in-
quiry.  There might be an occasion for the appearance of an
official or employee of this school at some other school that
would be in performance of a duty of that particular person.
The question will have to be answered by first determining
whether the person incurring the expense was doing so in the
performance of some duty imposed upon that person on behalf
of the State of Texas.  In the event Mr. McMahan desires to
have us pass upon a specific situation, if he will furnish
this office with all of the facts surrounding the expenditure
or proposed expenditure we will be glad to furnish an opinion
of this department upon that subject.

Yours very truly

APPROVED DEC 12, 1941                    ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT                          By          Morris Hodges
ATTORNEY GENERAL                                     Assistant

MH:FS


APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN